IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 15-CR-00268-001 |
| | ) | |
| WILLIAM LEROY PADGETT | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendant's motion to seal case (Doc. 49). Defendant requests that the court seal his case from any public access and prevent access to his case from electronic law libraries. For the reasons explained below, the Court finds that the motion should be denied.

Court proceedings generally are not confidential, and while a court may order confidentiality and seal part of a record for cause, the presumption favors open evidence and proceedings. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-99 (1978). As the Eleventh Circuit has stated:

> We have discretion to determine which portions of the record should be placed under seal, but our discretion is guided by the presumption of public access to judicial documents. "What transpires in the court room is public property," *Craig v. Harney*, 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947), and both judicial proceedings and judicial records are presumptively available to the public, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir.2001). As Judge Easterbrook has explained, "Judges deliberate in private but issue public decisions after public arguments based on public records.... Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir.2006).

1

> The right of the public to access judicial records is grounded in the common-law right of access. The Supreme Court has explained that there exists "a general right to inspect and copy public records and documents, including judicial records and documents," but that this common-law "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978) (internal footnote omitted). Courts have discretion to determine which portions of the record, if any, should remain under seal, and this discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599, 98 S.Ct. at 1312–13.
>
> To determine the scope of the common-law right of access, which applies in both criminal and civil proceedings, we "traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." *Chicago Tribune*, 263 F.3d at 1311. We have explained that, at least in the context of civil proceedings, the decision to seal the entire record of the case—including the pleadings, docket entries, orders, affidavits, and hearing transcripts—must be "necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest." *Id.* (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir.1985)). When a party seeks to seal only particular documents within the record, our task is only "to balance the competing interests of the parties." *Id.* at 1312. "Our case law lists several relevant factors to consider, including 'whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding of historically significant events.'" *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir.2013) (quoting *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983)). The contours of this common-law right have been explored primarily in the context of criminal and civil matters, but these principles, coupled with the presumption that judicial records should be available to the public, govern our decision in this immigration case too.

*Perez–Guerrero v. U.S. Attorney General*, 717 F.3d 1224, 1235–36 (11th Cir. 2013).

Defendant has offered no basis for sealing all or part of this case and thus offers no reason that overcomes the presumption of public access to judicial documents. Accordingly, applying the principles explained above by the Eleventh

2

Circuit, this Court finds that the file should not be sealed. Defendant's motion to seal (Doc. 49), is hereby **DENIED**.

**DONE** and **ORDERED** this 13th day of March, 2020.

                                             /s/ Callie V. S. Granade
                                             SENIOR UNITED STATES DISTRICT JUDGE